**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OCTAVIO TELLEZ CAMACHO; T.T.C.; O.T.C.; OLIVIA CONTRERAS MALDONADO; D.P.T.C., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-705 <br><br> Agency Nos. <br> A097-827-291 <br> A216-918-033 <br> A216-918-034 <br> A216-918-076 <br> A216-918-077 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District
Judge.[***]

Petitioners Octavio Tellez Camacho, his wife Olivia Contreras Maldonado,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

and their minor children T.T.C., O.T.C., and D.P.T.C. are natives and citizens of Mexico.[1]  They seek review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  This court has jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted."  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (internal quotation marks and citation omitted).  "We review factual findings for substantial evidence and legal questions de novo."  *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted).  Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (citation omitted).

1.      Petitioners waived review of the BIA's denial of asylum and withholding of removal by failing to meaningfully challenge the agency's

---

[1] Tellez Camacho is the lead petitioner.  His wife and children also filed their own applications for asylum, withholding of removal, and protection under the Convention Against Torture based on the experiences of Tellez Camacho.

dispositive nexus determination before this court. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Even if Petitioners' nexus argument had been preserved, substantial evidence supports the BIA's determination that Petitioners failed to demonstrate any nexus between the harms suffered by Tellez Camacho and their proffered particular social groups of "family" and "adult men and women businessowners who are charged extortion fees by cartels in order to conduct their business."

The record supports the BIA's determination that the individuals who targeted Tellez Camacho were motivated solely by general criminal intent. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019–20 (9th Cir. 2023). The BIA's no-nexus determination forecloses both the asylum and withholding of removal claims. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (recognizing that where "there [is] no nexus at all," petitioners are ineligible for both asylum and withholding of removal) (citation omitted).

2.  Substantial evidence supports the BIA's determination that Tellez Camacho is ineligible for protection under CAT because he has failed to show a

"particularized threat of torture" or establish that he will more likely than not be tortured upon his removal to Mexico. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation and italics omitted). Tellez Camacho testified that he was extorted by armed individuals affiliated with organized crime, subjected to a "quota" system for the lemons he produced, and kidnapped alongside his father during one of the extortion demands. Tellez Camacho fears he will be killed if he returns because his uncle and cousins were murdered in a different region of Mexico over their failure to pay quotas to an organized criminal group.

The record does not compel the conclusion that Tellez Camacho faces a likelihood of torture if returned to Mexico. *See Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). Tellez Camacho has presented no evidence that his family members were killed by the same criminal organization that targeted him, or conversely, that the individuals who murdered his uncle and cousins have ever targeted him. Nor has Tellez Camacho presented evidence that the individuals who extorted him made any explicit threats against him or his family. Tellez Camacho's fear of future torture is also belied by other testimony that his father, whom he worked with, has not been subject to the extortionists' quota system since Tellez Camacho left Mexico. His generalized fear of being harmed by criminal organizations is insufficient to support a claim for CAT relief. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022) (as amended) (petitioner

failed to show the requisite likelihood of torture because he "offered no evidence to show that he faces any particularized risk of torture (or kidnapping or extortion) higher than that faced by all Mexican citizens.").

**PETITION DENIED.**